UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ROGER G. HARRISON

and

KARLA G. HARRISON,

                Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC

and

EQUIFAX INFORMATION SERVICES, LLC,

Civil Action No.

3:16-cv-00014

### PLAINTIFFS' MOTION TO COMPEL
### DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC,
### TO ANSWER INTERROGATORIES

The Plaintiffs in this action, Roger G. Harrison and Karla G. Harrison, by counsel, hereby move this Court for an Order under the provisions of Rule 37(a) of the Federal Rules of Civil Procedure requiring Defendant Carrington Mortgage Services, LLC, to provide responsive answers to interrogatories served on Carrington by the Plaintiffs in this action. Carrington has produced what it has described as answers to these interrogatories, but these answers do not, in fact, provide the information requested and they do not comply with the requirements of the Federal Rules.

In support of this motion, the Plaintiffs state the following:

1. On October 19, 2016, the Plaintiffs, by counsel, served on counsel for Defendant Carrington Mortgage Services, LLC, certain discovery requests in accordance with the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure. Included with the discovery requests were 17 interrogatories.

2. On December 8, 2016, Carrington, by counsel, served its interrogatory answers on the Plaintiffs.[1]

3. The answers provided by Carrington to each of the 17 interrogatories followed the same format. Each answer:

(a) objected to certain terms used as being "vague and ambiguous"; and

(b) made a number of general objections to the interrogatory involved, including arguments that it was "overly broad and unduly burdensome" and was seeking information that was privileged and exempt from discovery.

4. These objections were general and were clearly part of a formula. As a result, they did not meet the requirements of Rule 33(b)(4), which states that "The grounds for objecting to an interrogatory must be stated with specificity."

5. Those answers that offered information in addition to these objections simply referred to documents included in over 550 pages of documents produced in response to the Plaintiffs' request for production of documents where, it was asserted, the information sought could be found. None of the answers provided by Carrington actually included the information requested.

5. Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered "fully" to the extent it is not objected to. See Rule 33(b)(3). In addition, under Rule

---

[1] The interrogatory answers provided by Carrington were not answered under oath as required by Rule 33(b)(3). Carrington eventually provided a copy of sworn to interrogatory answers on January 18, 2017.

2

37(a)(4), an evasive or incomplete answer is to be treated as a failure to answer. None of the answers provided by Carrington are sufficient under these Rules.

6. The undersigned counsel for the Plaintiffs hereby certifies to the Court that he advised counsel for Carrington of the Plaintiffs' concerns about the inadequacy of Carrington's interrogatory responses and that he has given Carrington ample opportunity to provide amended answers. See the accompanying Memorandum submitted by the Plaintiffs in support of their Motion to Compel, at 3-5. Despite being given a generous amount of time, Carrington has not provided the Plaintiffs with supplemental answers or advised the Plaintiffs of any intention it had to supplement its answers.

7. The Plaintiff submit the accompanying Memorandum, with a copy of Carrington's interrogatory answers as Exhibit A, in support of their Motion.

8. The Plaintiffs ask for a hearing before the Court at which they may offer oral argument in support of this Motion to Compel.

WHEREFORE, for the reasons stated above and in their accompanying Memorandum, the Plaintiffs, Roger G. Harrison and Karla G. Harrison, by counsel, respectfully ask this Court for the following:

a. an Order under the provisions of Rule 37(a) of the Federal Rules of Civil Procedure compelling Carrington to provide responsive answers to the 17 interrogatories served on it by the Plaintiffs;

b. an award of their costs and attorney's fees relating to this motion; and

c. such other and further relief as to this Court shall seem just and proper.

Respectfully Submitted,

ROGER G. HARRISON
KARLA G. HARRISON
Plaintiffs
By Counsel

<u>s/ Edward M. Wayland</u>
Edward M. Wayland, Esq.
VSB #17380
Counsel for Plaintiffs
Roger Harrison and Karla Harrison

913 E. Jefferson Street
Charlottesville, VA   22902
(434) 984-0300
(434) 220-4852 (fax)
edwayland@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Motion to Compel Defendant Carrington Mortgage Services, LLC, to Answer Interrogatories, was filed with the Court on January 26, 2017, using the CM/ECF electronic filing system, which will automatically forward copies to the following:

Stephen H. Sherman, Esq.
*ssherman@mauricewutscher.com*
Maurice Wutscher LLP
199 E. Montgomery Avenue, Suite 100
Rockville, MD 20850
(202) 255-2984
(866) 581-9302 (fax)

Counsel for Defendant
Carrington Mortgage Services, LLC

4

Misty L. Peterson, Esq.
*mpeterson@kslaw.com*
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4939
(404) 572-5100 (fax)

John W. Montgomery, Jr., Esq,
*jmontgomery@jwm-law.com*
John W. Montgomery, Jr. Attorney, PLC
2116 Dabney Road
Suite A-1
Richmond, VA 23230
(804) 355-8744
(804) 355-8748 (fax)

Counsel for Defendant
Equifax Information Services, LLC

                                                                                      <u>s/ Edward M. Wayland</u>
                                                                                      Edward M. Wayland