UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ROGER G. HARRISON

and

KARLA G. HARRISON,

      Plaintiffs,

Civil Action No.

3:16-cv-00014

v.

CARRINGTON MORTGAGE SERVICES, LLC

and

EQUIFAX INFORMATION SERVICES, LLC,

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL**

  The Plaintiffs in this action, Roger G. Harrison and Karla G. Harrison, by counsel, have moved this Court for an Order under the provisions of Rule 37(a) of the Federal Rules of Civil Procedure requiring Defendant Carrington Mortgage Services, LLC, to provide responsive answers to interrogatories served on Carrington by the Plaintiffs in this action. The Plaintiffs submit this Memorandum to the Court in support of their motion. Submitted with this Memorandum as Exhibit A is a copy of the interrogatory answers provided by Carrington which are the subject of this Motion.

  For the reasons which follow, the Plaintiffs respectfully ask this Court to grant their Motion and order Carrington to provide responsive answers to the plaintiffs' interrogatories.

## Background

This action was brought by the Plaintiffs, Roger G. Harrison and his wife, Karla G. Harrison, because of actions taken by the defendants, Carrington Mortgage Services, LLC, and Equifax Information Services, LLC, relating to a home mortgage loan the Harrisons took out with Bank of America in 2007. The Harrisons filed a Chapter 13 bankruptcy as a result of which, this mortgage loan, among other debts, was discharged in September 2012. In addition to having the loan discharged, the Harrisons abandoned the home which secured their mortgage loan and left it to Bank of America to liquidate that asset.

In May, 2013, over 6 months after the bankruptcy discharge, Carrington sent the Harrisons a letter advising them that it had taken over the task of servicing their mortgage loan. The letter advised the Harrisons that they should send their monthly mortgage payments to Carrington now instead of to Bank of America. There followed several years during which Carrington contacted the Plaintiffs many times about this debt. Their home was sold at a foreclosure sale in May, 2014, but even after this happened, Carrington continued to contact the Plaintiffs about their loan. Carrington also placed information on the Plaintiffs' credit reports which, incorrectly, made it appear that Carrington had been the original lender of this loan in 2007. As a result, the Plaintiffs' credit reports made it look like they had had two mortgage loans issued in 2007, both of which were discharged in bankruptcy.

Despite many efforts to correct this situation, Carrington continued to take these actions. Finally, in February 2016, the Plaintiffs filed the present lawsuit asserting claims against Carrington under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.; the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.; and for violations of the bankruptcy discharge.

As outlined in the Plaintiffs' Motion to compel, on October 19, 2016, the Plaintiffs, by counsel, served on counsel for Defendant Carrington Mortgage Services, LLC, certain discovery requests in accordance with the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure. Included with the discovery requests were 17 interrogatories. On November 20, 2016, the day before Carrington's answers were due, their counsel, Andrew M. Williamson, contacted the undersigned counsel, and asked for an extension of time to December 1, 2016, to produce their answers. The undersigned counsel readily agreed to this request.

On December 1, 2016, Mr. Williamson again contacted the undersigned counsel and asked for an additional one-week extension of the time for them to produce their answers. Among other things, Mr. Williamson reported that he was leaving his firm and the case was being re-assigned to Stephen H. Sherman, another attorney in the firm. (Mr. Williamson was permitted to withdraw as counsel for Carrington in this matter by an Order of this Court dated December 16, 2016. Doc. #35.) Again, the undersigned attorney agreed to this request, but asked that the deadline not be extended again. On December 8, 2016, Mr. Sherman provided Carrington's discovery responses, including its answers to the Plaintiffs' interrogatories, to the undersigned counsel. Contrary to the requirements of Rule 33(b)(3), the interrogatory answers did not include a sworn statement by someone representing Carrington to the effect that the answers were true and correct.

After reviewing the interrogatory responses, the undersigned counsel concluded that they were not sufficient. On December 17, 2016, the undersigned counsel sent Mr. Sherman a letter expressing his concerns about the interrogatory answers and asking that they be made more responsive. He noted that he was going to be out of town for the holidays and asked that the revised answers be provided by January 10, 2017. He noted that he would be back in the office

3

on January 3, 2017, and that he would be happy to discuss this with Mr. Sherman if he wished to do so. He also advised Mr. Sherman that if the parties were not able to resolve this matter informally, then it was likely that he would file a motion to compel.

On January 10, 2017, the undersigned counsel had not heard back from Mr. Sherman regarding his concerns about Carrington's interrogatory answers. He sent Mr. Sherman an e-mail on that day advising him that a motion to compel would be prepared and inviting him to call to discuss this situation. Mr. Sherman responded later that day asking for more information about the problems with Carrington's answers. The undersigned counsel included the following in his e-mail in response:

> Look, for example, at Interrogatory #3. It asks what the date is on which Carrington learned that the Harrisons' obligation to pay their BOA mortgage was discharged in bankruptcy. Carrington objects, among other things, that it doesn't understand what is meant by the word "learned" and a long list of other words and phrases that seem pretty clear to me. The Interrogatory also asks how Carrington learned of the bankruptcy discharge. The answer does not respond to this question. Finally, the answer refers to documents produced without identifying any specific document. If there is a document produced which contains this information, I'd appreciate knowing where it is, because I could not find it.
>
> Similar responses are made to each Interrogatory -- objections to terms which seem pretty clear, failure to provide requested information, and reference to batches of documents without pointing to anything specific.
>
> In my view, these are not answers. Basically, I am just asking that Carrington answer the questions. I think that's what the Rules require and, frankly, I think it would help us move this matter along.
>
> I hope this helps. If you would like to talk about this, please just let me know.

On January 11, 2017, Mr. Sherman responded by asking about a time that counsel could discuss this on the telephone. Mr. Wayland responded by suggesting they talk that day at 3 pm. Mr. Sherman telephoned Mr. Wayland that afternoon as arranged and they discussed the situation. Mr. Wayland again explained his concerns about Carrington's interrogatory answers. Mr.

4

Sherman advised that he would consult with other attorneys at the firm and with the people at Carrington and get back on this, hopefully by the end of the week, i.e., by January 13, 2017.

Mr. Sherman did not get back to Mr. Wayland about this by January 13. The next communication from Mr. Sherman relating to this matter was on January 19, 2017, when Mr. Sherman sent Mr. Wayland and counsel for Defendant Equifax Information Services the original interrogatory answers from December 8, 2016. The answers had not been revised. The January 19 answers did, however, include a sworn statement from an agent of Carrington that the facts set forth in the answers were correct.

Because it is clear that Carrington does not intend to voluntarily revise its answers to the Plaintiffs' interrogatories, the Plaintiffs are filing their Motion to Compel under Rule 37(a) seeking to compel Carrington to provide responsive answers to their interrogatories.

**Argument**

In each of its 17 interrogatory answers, Carrington begins with the same boiler-plate objections. For example, in Interrogatory #3, the Plaintiffs asked for the following:

> 3. State the date on which Carrington learned that the Harrisons' obligation to pay the balance due on the 2007 BOA mortgage loan had been discharged in bankruptcy. Describe in detail how Carrington learned of this and what effect, if any, this information had on Carrington's actions regarding this matter. Identify all documents which contain or refer to any of this information.

Carrington's answer to Interrogatory #3 states:

> OBJECTION: Vague and ambiguous as to "learned," "obligation to pay," "balance due," "learned of this," "effect," "information," "actions," and otherwise; overly broad and unduly burdensome; improperly compound; irrelevant, not reasonably calculated to lead to the discovery of documents which may be admissible at trial; improperly seeks information and/or documents subject to privilege or otherwise exempt from discovery, including attorney-client privileged communications and information subject to the work-product doctrine.

5

Carrington then "without waiving its objections" refers the Plaintiffs to the 550 pages of documents it has produced in discovery, including 73 pages of "Servicing Notes," without providing any more specifics about where this information is to be found. Similar answers are given to most of the Plaintiffs' interrogatories.

Boilerplate objections such as those offered by Carrington are not sufficient under the Federal Rules. Rule 33(b)(4) states that "the grounds for objecting to an interrogatory must be stated with specificity." The Ninth Circuit, in *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981), stated that "Moreover, objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." See also *Nagele v. Electronic Data Systems Corp*., 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *Mancia v. Mayflower Textile Services Co*., 253 F.R.D. 354, 359 (D.Md. 2008) (boilerplate objections waived any legitimate objections responding party may have had); *Chubb Integrated Sys. Ltd. v. National Bank of Wash*., 103 F.R.D. 52, 58 (D.D.C. 1984) ("irrelevant" did not fulfill party's burden to explain its objections).

A look at the specific words or phrases cited by Carrington as "vague and ambiguous" supports this conclusion. Contrary to Carrington's objection, the words it cited were not "vague and ambiguous". They were clear in their meaning in this situation, and the information sought was relevant and appropriate: when and how did Carrington learn that the Plaintiffs' mortgage loan had been discharged in bankruptcy and what effect did this have on Carrington's actions relating to this loan? Carrington's answer did not provide this information.

Carrington offered similar objections to each of the Plaintiffs' 17 interrogatories. The objections offered by Carrington to these interrogatories are general, boilerplate, and without

merit.

As noted above, in a most of its answers, Carrington, "subject to and without waiving its objections", offers additional information by saying it "refers" to documents it has produced in response to the Plaintiffs' request for production of documents. Carrington produced over 550 pages of documents. Carrington refers in its answers to sections of these documents, but in none of its answers does it point the Plaintiffs to the specific place in those documents where the information sought may be found. If the answers are there, the Plaintiffs have not been able to find them. The undersigned Plaintiffs' counsel pointed this out to Mr. Sherman, but has not received any information which would help find these answers.

In addition, in some of the interrogatory answers, Carrington does not offer any information in response to the interrogatories at all, relying on its objections or stating that the information sought is available elsewhere. See, e.g., Carrington's answers to Interrogatories #5 and #10.

Finally, Carrington has not provided the information requested in certain interrogatories which ask for information about persons who have discoverable information. See, e.g., Carrington's answers to Interrogatories #8, 9, 16 and 17. Carrington apparently agrees that it has employees whose identity is being sought in these interrogatories. For example, in Interrogatory #8, Carrington was asked to identify each of its employees who participated in an investigation of any of the disputes submitted by the Harrisons to the information Carrington had placed on their credit reports. In response to this request, Carrington's answer states "Specific Persons To Be Determined." It has included the same language in its answers to each of the other interrogatories listed above. No employees have been identified by name in any of Carrington's answers.

7

As the above shows, none of Carrington's answers to the Plaintiffs' interrogatories provide the information requested. In addition, the answers do not offer valid objections to these interrogatories, and do not offer any plausible or valid explanation for why this information has not been provided. The conclusion is clear: Carrington has failed to comply with its obligations under Rule 33 with regard to each of the Plaintiffs' interrogatories.

**Conclusion**

For the foregoing reasons, the Plaintiffs, Roger G. Harrison and Karla G. Harrison, by counsel respectfully ask this Court to enter an Order under the provisions of Rule 37(a) of the Federal Rules of Civil Procedure compelling defendant Carrington Mortgage Services, LLC, to provide responsive answers to the Plaintiffs' interrogatories served on them in this matter. The Plaintiffs also ask for their costs and attorney's fees in connection with this Motion to Compel, as authorized by Rule 37(a)(5).

**Request for Oral Argument**

The Plaintiffs, by counsel, hereby respectfully ask this Court to permit them to appear before the Court to present oral argument in support of their motion.

    Respectfully Submitted,

    ROGER G. HARRISON
    KARLA G. HARRISON
    Plaintiffs
    By Counsel

8

Case 3:16-cv-00014-GEC   Document 39   Filed 01/26/17   Page 8 of 10   Pageid#: 291

s/ Edward M. Wayland
Edward M. Wayland, Esq.
VSB #17380
Counsel for Plaintiffs
Roger Harrison and Karla Harrison

913 E. Jefferson Street
Charlottesville, VA   22902
(434) 984-0300
(434) 220-4852 (fax)
edwayland@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Plaintiff's Memorandum in Support of Their Motion to Compel Defendant Carrington Mortgage Services, LLC, to Answer Interrogatories and of Carrington's Responses to Plaintiffs' First Set of Interrogatories (submitted as Exhibit A), were filed with the Court on January 26, 2017, using the CM/ECF electronic filing system, which will automatically forward copies to the following:

Stephen H. Sherman, Esq.
*ssherman@mauricewutscher.com*
Maurice Wutscher LLP
199 E. Montgomery Avenue, Suite 100
Rockville, MD 20850
(202) 255-2984
(866) 581-9302 (fax)

Counsel for Defendant
Carrington Mortgage Services, LLC



Misty L. Peterson, Esq.
*mpeterson@kslaw.com*
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia   30309
(404) 572-4939
(404) 572-5100 (fax)

John W. Montgomery, Jr., Esq,
*jmontgomery@jwm-law.com*
John W. Montgomery, Jr. Attorney, PLC
2116 Dabney Road
Suite A-1
Richmond, VA 23230
(804) 355-8744
(804) 355-8748 (fax)

Counsel for Defendant
Equifax Information Services, LLC

                                              s/ Edward M. Wayland
                                              Edward M. Wayland