CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ROGER G. HARRISON, et al., )
 ) Civil Action No. 3:16-CV-00014
Plaintiffs, )
 ) **MEMORANDUM OPINION**
v. )
 ) Hon. Glen E. Conrad
CARRINGTON MORTGAGE, ) Chief United States District Judge
SERVICES, LLC, et al., )
 )
Defendants. )

Plaintiffs Roger and Karla Harrison filed the instant action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. against defendants Carrington Mortgage Services, LLC and Equifax Information Services, LLC. The case is presently before the court on the plaintiffs' motion for attorney's fees pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. For the reasons stated, the motion will be denied.

## Background

Plaintiffs filed certain discovery requests on defendant Carrington Mortgage Services, LLC ("Carrington"), including seventeen interrogatories. Carrington objected to each interrogatory, asserting that the interrogatories were vague and ambiguous, overbroad, unduly burdensome, irrelevant, sought documents easily accessible to plaintiffs, not reasonably calculated to lead to the discovery of admissible documents, and sought privileged or otherwise exempt information. Carrington then proceeded to answer many of the interrogatories by referring to documents produced in discovery. These answers included references to documents that consisted of between two and three hundred pages. In responding to one of plaintiffs' interrogatories seeking the identification of certain individuals likely to have discoverable

information, Carrington stated that the specific individuals were "to be determined." See Carrington's Resp. to Pls.' Interrogs., Docket No. 39-1. Carrington also failed to respond to certain interrogatories altogether. Plaintiffs believed these responses to be inadequate and attempted to resolve the issue with Carrington. Despite this effort, the parties could not informally resolve the discovery dispute, and plaintiffs subsequently filed a motion to compel.

The court conducted a hearing on the motion to compel on March 1, 2017. Earlier that day, Carrington provided amended interrogatory answers, which the court used as the basis of its rulings. Ruling on the objections in lieu of an in-depth evaluation of the sufficiency of the existing responses, the court overruled defendant's objections as to eight of plaintiffs' interrogatories; sustained in part and overruled in part defendant's objections in regards to four of the interrogatories; and sustained defendant's objections as to four of plaintiffs' interrogatories. The court did not address plaintiffs' interrogatory number seventeen. In short, the court granted in part and denied in part plaintiffs' motion to compel. Thereafter, Carrington filed supplemental responses. The plaintiffs have now filed the instant motion seeking attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5). The matter has been fully briefed and the parties have advised that they do not require a hearing. It is ripe for review.

## Discussion

Federal Rule of Civil Procedure 37(a)(5) governs the payment of attorney's fees and expenses in discovery disputes. When the court grants the motion to compel, an award is mandatory unless one of three enumerated exceptions applies: (1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention, (2) the nondisclosure or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A). If one of the three exceptions is

present, the court "must not" award expenses and fees. Id. If the motion is granted in part and denied in part, Rule 37(a)(5)(C) allows the court to apportion reasonable expenses at its discretion. Id.; Barlow v. Herman, No. 2:13CV00033, 2015 U.S. Dist. LEXIS 25707, at *8-9 (D. Nev. Feb. 26, 2015) ("The primary difference between Rule 37(a)(5)(A) and Rule 37(a)(5)(C) is that an award is discretionary under Rule 37(a)(5)(C)."). In the instant matter, the court granted in part and denied in part plaintiffs' motion to compel. The plaintiffs prevailed on some of the interrogatories, the court sustained some of the defendant's objections, and the court overruled in part and sustained in part other objections. Accordingly, Rule 37(a)(5)(C) applies, and it is within the court's discretion whether to apportion expenses. In determining whether an award of attorney's fees is appropriate, the court considers the purpose of Rule 37: "to allow the district courts to punish deliberate noncompliance with the federal rules of discovery and to deter such conduct in the future." Zornes v. Specialty Indus., 166 F.3d 1212, 1998 U.S. App. LEXIS 31686, at *29 (4th Cir. 1998) (unpublished).

The analysis under Rule 37(a)(5)(C) contemplates the exceptions enumerated in 37(a)(5)(A). Stephenson v. Pfizer Inc., 2014 U.S. Dist. LEXIS 92859, at *5-6 (M.D.N.C. July 9, 2014) ("Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A)."). Therefore, the expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's conduct necessitated the motion unless one of the three exceptions applies. See Fed. R. Civ. P. 37(a)(5)(A). Here, the parties do not dispute that plaintiffs attempted to obtain the discovery without the intervention of the court. Instead, Carrington argues that their failure to provide the requested discovery was substantially justified or an award of expenses would be unjust.

"A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." Sky Cable, LLC v. Coley, No. 5:11CV00048, 2015 U.S. Dist. LEXIS 106393, at *8 (W.D. Va. Aug. 12, 2015). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." Kemp v. Harris, 263 F.R.D. 293, 296-97 (D. Md. 2009). Similarly, when determining whether an award of attorney's fees would be unjust, the court looks to four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would be more effective." Anderson v. Found. for Advancement, Educ. & Employ't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Federal Rule of Civil Procedure 33(d) provides that a party may produce business records in lieu of responding to interrogatories when the answer may be ascertained from such records. See Fed. R. Civ. P. 33(d). Nonetheless, Rule 33 requires that "[a] specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records for which the answer may be ascertained." See Hillyard Enters., Inc. v. Warren Oil Co., No. 5:02CV329, 2003 U.S. Dist. LEXIS 27922, at *4 (E.D.N.C. Jan. 31, 2003). The specificity requirement in 33(d)(1) is designed to limit the practice of "directing the interrogating party to a mass of business records . . . ." Fed. R. Civ. P. 33 Advisory Committee's Note. Accordingly, the responding party "has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Hillyard Enters., Inc., 2003 U.S.

4

Dist. LEXIS 27922, at *4. It may not simply direct the opposing party "to an undifferentiated mass of records." See id. (quoting Fed. R. Civ. P. 33 advisory committee's notes). Therefore, a dump of thousands of documents in an unorganized manner is not sufficient. See Minter v. Wells Fargo Bank, N.A., 286 F.R.D. 273, 278-79 (D. Md. 2012).

In the instant matter, Carrington argues that it was substantially justified because it reasonably believed that it satisfied the requirements of Rule 33(d). Carrington also argues that it reasonably believed that it properly invoked Rule 33(d) in responding to plaintiffs' interrogatories because the interrogatories "made broad inquires" requiring many documents to "be consulted to ascertain facts, such as identities, quantities, data, action, tests, results." SEC v. Elfindepan, 206 F.R.D. 574, 577 (M.D.N.C. 2002). Similarly, when Carrington did not reference responsive documents or did not respond to the interrogatory, Carrington asserts that reasonable persons could differ as to the merits of its objections.

In their motion to compel, plaintiffs did not assert that Carrington's reliance on Rule 33(d) was improper. Instead, plaintiffs argued (1) that Carrington's objections were inappropriately boilerplate, (2) that Carrington's implementation of Rule 33(d) was insufficient in that Carrington dumped hundreds of pages of documents instead of specifying where in the documents the answers could be found, and (3) that for some interrogatories, Carrington did not provide references to responsive documents or did not answer altogether.

Upon review of Carrington's initial responses, it appears that Carrington provided plaintiffs with categories of documents and the locations of those documents. For example, Carrington directed plaintiffs to roughly seventy-five pages of "Servicing Notes," the two-page "Transaction History," and over one hundred pages of the "Origination File." The court observes

5

that, in some responses, the number of pages referenced is significant in comparison to the total numbers of documents produced. In some cases, however, Carrington referred to between just two and a dozen pages. The court does not believe these responses to be the egregious sort of "document dump" that Rule 33(d) attempts to prevent. See, e.g., Graske v. Auto-Owners Inc. Co., 647 F. Supp. 2d 1105, 1108 (D. Neb. 2009) (production of 7,000 documents was not sufficient under 33(d)); In re Ethicon, Inc., No. 2327, 2013 U.S. Dist. LEXIS 188235, at *2394 (S.D.W. Va. July 26, 2013) (noting that production of over 9 million pages did not satisfy the specificity requirement of Rule 33(d)).

Nor, upon review of the supplemental responses, does the court find that there is a significant difference in the page ranges provided in Carrington's initial responses and its supplemental responses. Instead, the manner in which the information is presented has been substantially changed, with Carrington providing actual responses instead of referring to the documents produced for many of the interrogatories. See Carrington's Supplemental Resps., Docket No. 54. These supplemental responses are consistent with the court's rulings on Carrington's objections. Furthermore, to the extent the court ordered Carrington to respond when it did not reference responsive documents, the court believes that reasonable, diligent attorneys could have come to different conclusions as to the merits of the objection. For example, Carrington did not provide a response for information that it believed to be available in the public record. See, e.g., Struthers Sci. & Int'l Corp. v. Gen. Foods Corp., 45 F.R.D. 375, 380 (S.D. Tex. 1968) (noting that an interrogatory can be objectionable on the grounds that it seeks information in the public record).

Carrington also asserts that it genuinely believed that plaintiffs' interrogatories were overly broad. While the court recognizes that Carrington may have improperly used the exact

6

same language to object to every interrogatory, Carrington's position clearly had some merit. The court sustained in part and overruled in part or outright sustained many of defendant's objections for nearly half of the interrogatories. In at least one instance, the court modified the language of the interrogatory to narrow the scope before requiring Carrington to answer. In sum, the court finds that there was "a genuine dispute as to proper resolution or if a reasonable person could think that the failure . . . [was] correct." Sky Cable, LLC, 2015 U.S. Dist. LEXIS 106393, at *8; Peterson v. Hantman, 227 F.R.D. 13, 16 (D.D.C. 2005) (noting that a party's actions are substantially justified if the issue presented is one that "could engender a responsible difference of opinion among conscientious, diligent[,] but reasonable advocates."). Therefore, the court finds that Carrington was substantially justified.

Even if Carrington was not substantially justified, the court believes that circumstances render the award of attorney's fees unjust. Prior to the plaintiffs filing a motion to compel, Carrington contends that it provided the name of a corporate representative that plaintiffs could depose. This representative would also supplement Carrington's responses. Plaintiffs do not rebut this assertion and have presented no evidence that Carrington acted in bad faith, or that, given the court's extension of time before trial, that the plaintiffs were substantially prejudiced by the discovery difficulties.

In short, the court is not convinced that Carrington's non-compliance in this instance was deliberate. Further, plaintiffs failed to obtain full or partial relief under a number of matters raised in the motion to compel. Accordingly, the court deems cost-shifting in the instant matter unwarranted, and therefore, will exercise its discretion under to Rule 37(a)(5)(C) and require that the parties bear their own costs.

## Conclusion

For the foregoing reasons, plaintiffs' motion for attorney's fees will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 28th day of ~~May,~~ April 2017.

                                                     /s/ Jon Conrad
                                            Chief United States District Judge